### Ex Parte Orville Bullington.

#### No. 1835. Decided April 10, 1912.

**Contempt—Habeas Corpus—Insufficiency of the Evidence.**

    Where it was shown in original habeas corpus proceedings that relator was an attorney, who in presenting a case in the County Court in a damage suit stated to the jury that his client would not be liable if he used ordinary care, etc., whereupon, the court interrupted him and informed him that he could not argue the law to the jury, and when he continued to do so, fined him for contempt of court. Held that this did not constitute contempt of court; besides, the order adjudging relator in contempt is insufficient in not stating what orders relator refused to obey.

From Wichita County.

Original habeas corpus proceeding asking release from arrest on contempt proceedings.

The opinion states the case.

*Orville Bullington,* in person, for relator.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Under the evidence on the hearing of this habeas corpus it appears relator was an attorney for a railway company in the trial of a damage suit in the County Court of Wichita County. In presenting the case to the jury, he argued that the animal (for the value of which the railroad was being sued) having been killed at a point where the right of way was fenced, the road would only be liable in the event those in charge of the train had failed to use ordinary care to discover the animal, and guilty of gross negligence, and he assumed the court would so charge the jury. The court interrupted relator, and told him he had no right to argue the law to the jury, and in so doing he was not showing proper respect to the court. Relator stated he had shown no disrespect to the court, and insisted he had a right to argue the law as applicable to the facts in the case. The court made no reply, when relator resumed the same line of argument and was fined by the court for contempt. The judgment entered is as follows: "It is ordered by the court that O. Bullington be and he is hereby fined $10 for contempt in this, to wit: for refusing to obey orders of the court in open court, and the said O. Bullington is remanded to the custody of the sheriff until said fine is paid." Under said judgment and a writ issued thereon relator was arrested, and sued out a writ of habeas corpus which was granted by this court. Under the evidence adduced on this hearing we do not think his conduct would constitute a contempt of court. He had a right in his argument to state to the jury his theory of the law, and to argue whether or not the evidence would render his client liable for damages. In addition to this the order is rather vague and indefinite and does not state what orders he refused to obey, and is therefore insufficient.

Relator is ordered discharged.

*Discharged.*