**Ex parte Iria DAVIS.**

**No. 349.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1970.

Rehearing Denied Feb. 4, 1970.

Marvin O. Teague, Houston, for appellant.

Milton Schwartz, Houston, for appellee.

BARRON, Justice.

The relator, Iria Davis, brought this original habeas corpus proceeding after the Domestic Relations Court of Harris County held him in contempt and committed him to jail for three days and until he purged himself of contempt by paying the sum of $250 as attorney's fees and all other costs of court accrued. The central and controlling question presented for decision by

this Court is whether the trial court's order is vague and indefinite and whether such order states definitely the reason the court held relator in contempt.

The trial court's order reads in part as follows:

"BE IT REMEMBERED that on this the 18 day of December, 1969, came on to be heard the above entitled and numbered cause wherein Iria Davis stands charged with contempt of Court in failing and refusing to comply with the terms of the judgment by this Court entered on or about the 31 day of July, *1969*, (1961), wherein the Court ordered him to pay the sum of $25.00 each 1st and 15th to Jane Davis through the Harris County Probation Department for the support and maintenance of his minor child." (Parenthesis added).

The order continues with recitations of notice to relator, the hearing of testimony and arguments of counsel and states further, " * * * (the court) finds that the said Iria Davis is guilty of contempt of this Court's order." The order concludes by setting forth the punishment as above stated. The $250 attorney's fees allowed by the court was taxed as a part of the costs of the proceeding. See Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184.

However, the notice which the trial court ordered served upon relator, and which service was perfected on December 6, 1969, did not set forth any complaint concerning the payment of child support, but on the other hand the motion for contempt filed by relator's former wife complained that *relator had repeatedly violated the express* terms of the original judgment of divorce which had ordered relator not to be under the influence of alcohol or to partake of alcohol during the period of visitations by relator with the minor child of the marriage. The record indicates that all child support payments had been properly made as the court had ordered.

This original proceeding comes to us without a statement of facts and with an incomplete record. We have the application for writ of habeas corpus, the answer thereto, bill of costs, the trial court's order, writ of commitment, original divorce decree, motion for contempt, and the court's show cause order. The foregoing constitutes the entire record before us.

In the absence of a statement of facts or other evidence in the record which as a matter of law would vitiate the trial court's order, we would be required to uphold the action of the trial court and remand relator to custody for failure to pay child support in violation of the court's judgment and order of 1961, as recited by the trial court in its order of contempt in the present case. Ex parte Savelle, 398 S.W.2d 918, 921, (Tex.Sup.). However, the notice given relator to appear and show cause why he should not be held in contempt is wholly insufficient in this case as a child support violation. Rule 308–A, Texas Rules of Civil Procedure, dealing with child support enforcement, requires that relator be notified of his claimed child support default "not less than ten days prior to the hearing on such order to show cause." The above rule deals exclusively with child support matters. The trial court's order in this case cannot, therefore, be sustained under the court's recitation in the order that relator stands charged with violation of a child support order, for want of proper notice. See Ex parte Davis, 161 Tex. 561, 344 S.W.2d 153.

If, on the other hand, the trial court intended to find relator in contempt for violation of its previous order requiring that relator be not intoxicated during visits with his child, recitation thereof should have been made in the order of contempt. The contempt order must clearly state in what respect the court's prior order has been violated. Ex parte Proctor, 398 S.W.2d 917, (Tex.Sup.); Ex parte Bullington, 66 Tex.Cr.R. 256, 145 S.W. 1190; Ex

parte Miller, 92 Tex.Cr.R. 489, 244 S.W. 612, 613.

■ We overrule relator's contention that the 1961 provision in the court's judgment involving intoxication of relator during visitations with his minor child is not an effective order. We believe that such provision is clearly a valid and definite order of the court.

For the reasons stated, relator is discharged from custody.