**Ex parte Edward F. BUTLER, Sr., Relator.**

No. 16501.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 17, 1975.

Motion for Rehearing Granted and Cause Dismissed as Moot Without Opinion May 15, 1975.

No brief filed for appellant.

No brief filed for appellee.

EVANS, Justice.

This is an original proceeding for writ of habeas corpus. Relator, Edward F. Butler, Sr., seeks review of a contempt order entered during the pendency of divorce proceedings.

Relator's wife, Donna Gay Butler, filed petition for divorce in the Court of Domestic Relations No. 1 of Harris County on April 11, 1974. The temporary order entered in that proceeding on June 27, 1974 provided for temporary custody, visitation, child support and alimony during the pendency of the case and also contained provisions respecting the property. The final paragraph of this temporary order provided:

> "It is further ORDERED, ADJUDGED and DECREED that neither party shall make any disposition of any community or separate property claimed by the parties hereto, or incur any indebtedness in connection therewith other than in the ordinary course of business . . . ."

Subsequent to the entry of this temporary order, Donna Gay Butler filed motion

for contempt alleging, among other things, that Relator had violated the order by selling 15,700 shares of common stock of Hibbard, O'Connor & Weeks, Inc., a Delaware corporation, and incurring obligations in the amount of $3,286.00 by borrowing against the cash surrender value of community owned insurance policies. After hearing on the contempt motion, the trial court on February 25, 1975 found Relator to be in contempt of court by reason of his disobedience of such temporary order "in that he sold $47,100.00 of stock and borrowed $3,286.17 on insurance policies." As punishment for such contempt, the court ordered Relator confined in the county jail of Harris County, Texas for a period of one day and until he purged himself by paying into the registry of court the sum of $25,193.00 (which is one-half of the aggregate value of the stocks sold and money borrowed) together with costs of court. Relator was committed to the custody of the Sheriff of Harris County, but has been released on bond pending final determination of this petition for writ of habeas corpus.

Relator asserts that his confinement is illegal because he sold the stock and borrowed against the insurance policies in order to pay obligations required to be paid by him under the temporary order. He contends that such sale and borrowing were within the ordinary course of business as that term is used in the temporary order. Alternatively, Relator contends that such term is so ambiguous as to render the temporary order void and unenforceable. Relator further asserts that he is now unemployed and unable to purge himself of contempt.

■ A petition for writ of habeas corpus presents a collateral attack upon the judgment of contempt. Unless it is shown that the judgment is void on its face or is so completely without evidentiary support as to render it void, the petition must be denied. Ex Parte Henderson, 512 S.W.2d 37 (Tex.Civ.App.—El Paso 1974, no writ);

Ex Parte Helms, 152 Tex. 480, 259 S.W.2d 184 (1953).

■ In order for a person to be held in contempt for disobedience of a court decree, the decree must clearly define the duties imposed upon the party or the acts which he is restrained from doing. The decree should not require the party to call upon inferences or conjecture as to matters about which reasonable men might differ, and should not require further hearing before the court. Ex Parte Slavin, 412 S.W.2d 43 (Tex.1967).

The evidence presented at the hearing on the contempt motion showed that Relator, an attorney, was employed by the brokerage firm, Hibbard, O'Connor & Weeks, at the time the temporary order was entered in June, 1974. On August 28, 1974, effective September 3 of that year, his employment was terminated without severance pay. In October, November and December of 1974 and in January, 1975, Relator sold a total of 15,700 shares of the common stock of that company for a total sum of $47,100.00. He testified he sold the stock because it "was going down hill fast"; that the stock had been selling at $5.00 per share and then at $4.00 and that he was offered $3.00 and was told that if he didn't take that price "that there wouldn't be any market."

■ In our opinion the temporary order clearly prohibited Relator from disposing of any community or separate property and his sales of the stock were in direct disobedience of the court's order. The injunctive order does not permit the disposition of property, even in the course of ordinary business as contended by Relator, and its provision is a clear and unambiguous injunction against the disposition of any property during the pendency of the divorce proceedings. The evidence showed that Relator made sales of this stock over a period of four months, in four separate transactions, and during such time there was no showing of any decline in the value

of the stock. Relator made no application with the court for modification of the temporary order so as to permit the disposition of this property.

█ It is further our opinion that Relator cannot justify his act of borrowing against the community insurance policies as being done "in the ordinary course of business" as that term is used in the temporary order. Relator testified that he encumbered the insurance policies for the purpose of obtaining funds to pay bills which the court ordered him to pay in the temporary order. This testimony did not establish that Relator's act in borrowing against the community-owned insurance policies was done in the ordinary course of his business.

█ Relator's final point is that he is unemployed and unable to purge himself of contempt. Relator testified that all of his funds had been expended and that he had been unable to find employment. The evidence showed, however, that he had borrowed money from his brother on several occasions and he did not show that he would not be able to obtain funds from that or other sources. It was Relator's burden to prove conclusively that he had no source from which he might reasonably be expected to obtain such funds. Ex Parte Helms, supra; Ex Parte Rohleder, 424 S.W.2d 891 (Tex.1967).

Relator made no attempt to seek relief from the court when it became obvious that he was no longer employed and could not meet the obligations imposed upon him under the temporary order. Ex Parte Williams, 469 S.W.2d 449 (Tex.Civ.App.— Beaumont 1971, no writ); Ex Parte Ramzy, 424 S.W.2d 220, 227 (Tex.1968). Neither did he produce evidence showing, as a matter of law, that he was unable to obtain funds to purge himself of the contempt. Ex Parte Ramzy, supra. We are, therefore, of the opinion that Relator's petition for writ of habeas corpus must be denied.

In view of the fact that evidence as to Relator's ability to purge himself of the contempt is not shown to have been fully developed upon the record, our ruling is entered without prejudice to Relator's right to make further application to the trial court for such relief as may be warranted.

Relator's petition for writ of habeas corpus is denied and it is ordered that Relator be remanded to the custody of the Sheriff of Harris County, Texas.