**Ex parte Ernest HERRERA, Relator.**

**No. B14–91–00800–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 5, 1991.

Bruce A. Baughman, Baytown, for relator.

Nancy S. Lipp, Houston, for respondent.

Before JUNELL, ELLIS and ROBERT E. MORSE (sitting by designation), JJ.

## OPINION

ELLIS, Justice.

This is an original habeas corpus proceeding. Relator, Ernest Herrera, seeks relief from an order of commitment entered by the 245th District Court of Harris County, Texas on August 1, 1991 in cause

no. 88–40026. We granted relator leave to file his petition and ordered the Sheriff of Harris County to release him on personal recognizance pending resolution of this cause. Tex.Gov't Code Ann. § 22.221(d) (Vernon 1988). We conclude that the commitment order is void and; therefore, grant the writ of habeas corpus and order relator discharged.

On August 1, 1991, the trial court conducted a hearing on respondent's motion for contempt for failure to pay child support pursuant to the terms of a child support order entered October 5, 1988. On that same date, the court found relator in contempt, and issued a written order of commitment which held relator in contempt. The court assessed punishment at 180 days confinement in the Harris County jail and to remain in confinement until he purged himself by paying $8,669. This $8,669 included $7000 in child support arrearage, $169 in accrued costs of court and $1500 in costs for attorney's fees.

Attached as part of the order of commitment was a schedule which specifically described the payments relator failed to pay in noncompliance of the October 5, 1988 order pursuant to the requirements of Tex. Fam.Code Ann. § 14.33 (Vernon Supp.1991). The schedule reads as follows:

| DATE | ORDERED TO PAY | APPLIED TO REGULAR SUPPORT | ARREARS |
|---|---|---|---|
| 10-15-1988 | $250.00 | 00.00 | 250.00 |
| 11-1-1988 | 250.00 | 00.00 | 250.00 |
| 12-1-1988 | 250.00 | 00.00 | 250.00 |
| 1-1-1989 | 250.00 | 00.00 | 250.00 |
| 2-1-1989 | 250.00 | 00.00 | 250.00 |
| 3-1-1989 | 250.00 | 00.00 | 250.00 |
| 4-1-1989 | 250.00 | 00.00 | 250.00 |
| 5-1-1989 | 250.00 | 00.00 | 250.00 |
| 6-1-1989 | 250.00 | 00.00 | 250.00 |
| 7-1-1989 | 250.00 | 00.00 | 250.00 |
| 8-1-1989 | 250.00 | 00.00 | 250.00 |
| 9-1-1989 | 250.00 | 00.00 | 250.00 |
| 10-1-1989 | 250.00 | 00.00 | 250.00 |
| 11-1-1989 | 250.00 | 00.00 | 250.00 |
| 12-1-1989 | 250.00 | 00.00 | 250.00 |
| 1-1-1990 | 250.00 | 00.00 | 250.00 |
| 2-1-1990 | 250.00 | 00.00 | 250.00 |
| 3-1-1990 | 250.00 | 00.00 | 250.00 |
| 4-1-1990 | 250.00 | 00.00 | 250.00 |
| 5-1-1990 | 250.00 | 00.00 | 250.00 |
| 6-1-1990 | 250.00 | 00.00 | 250.00 |
| 11-1-1990 | 250.00 | 00.00 | 250.00 |
| 12-1-1990 | 250.00 | 00.00 | 250.00 |
| 1-1-1990 | 250.00 | 00.00 | 250.00 |
| 2-1-1990 | 250.00 | 00.00 | 250.00 |
| 3-1-1990 | 250.00 | 00.00 | 250.00 |
| 4-1-1990 | 250.00 | 00.00 | 250.00 |
| 7-1-1990 | 250.00 | 00.00 | 250.00 |
| **TOTAL:** | **7,000.00** | **00.00** | **7,000.00** |

Respondent concedes that at least one of the entries on this schedule (7–1–1990) is incorrect. On September 3, 1991, relator sought leave to file this petition for writ of habeas corpus. This court granted relator's petition on September 6, 1991, and released relator on personal recognizance.

For a contempt proceeding to be subject to collateral attack by a habeas corpus petition, it must be void, not merely voidable or erroneous. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980) (citations omitted); *Ex parte Filemyr*, 509 S.W.2d

731, 734 (Tex.Civ.App.—Austin 1974, orig. proceeding); *Ex Parte Rhodes,* 163 Tex. 31, 352 S.W.2d 249, 250 (1962). A commitment order is void if the trial court is without jurisdiction or because it deprived relator of his liberty without due process of law. *Ex parte Barnett, supra,* at 254 (citations omitted). To grant the petition for habeas corpus, relator must prove the order of contempt is void on its face or so completely without evidentiary support as to render it void. *See Ex parte Davila,* 718 S.W.2d 281, 282 (Tex.1986) (citing *Ex parte Bethurum,* 153 Tex. 563, 272 S.W.2d 85 (1954); *See also Ex parte White,* 154 Tex. 126, 274 S.W.2d 542 (1955)) (contempt order without support in the evidence is void and may be set aside); *Ex parte Butler,* 523 S.W.2d 309, 311 (Tex.Civ.App.—Houston [1st Dist.] 1975, original proceeding) (citing *Ex Parte Henderson,* 512 S.W.2d 37 (Tex.Civ.App.— El Paso 1974, no writ); *Ex Parte Helms,* 152 Tex. 480, 259 S.W.2d 184 (1953)).

▆▆▆ In point of error two, relator argues that the commitment order does not support confinement, because there is no order, judgment or decree of contempt. To confine a contemner to jail in comport with due process, the trial court's commitment order must be supported by a written order of contempt. *Ex parte Strickland,* 723 S.W.2d 668, 669 (Tex.1987) (per curiam) (contemnor's incarceration violative of due process, because there was neither a written judgment of contempt nor written order of commitment); *Ex parte Barnett,* 600 S.W.2d 252, 256 (Tex.1980) (although commitment order referred to copy of judgment for contempt, no judgment was attached, thus rendering order void). Nevertheless, there is no bar to having the commitment order and order of contempt in one instrument, as it appears the trial court did in the present case. *Ex parte Sinclair,* 746 S.W.2d 956 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding) (citing *Ex parte Snow,* 677 S.W.2d 147, 149 (Tex. App.—Houston [1st Dist.] 1984, no writ)). The judgment of contempt and commitment order in the present case was titled, "Order of Commitment." It is clear from the wording of the body of this commitment order that it combines both the judgment for contempt as well as the commitment order. We note that the better practice would be for the trial court to entitle the commitment order in such a way that it clearly shows that the instrument functions both as a judgment for contempt as well as a commitment order (ex: "Judgment for Contempt and Commitment Order"). In fact, trial courts could alleviate even the possibility of this type of contention if they would draft two separate instruments, a commitment order and judgment of contempt. Nevertheless, since the law prescribes no particular format, the commitment order and order of contempt in the present case is not void. Relator's point of error two is overruled.

In point of error three, relator argues the commitment order is tainted. He urges several arguments under this point. We are only concerned with his argument that because the commitment order assesses punishment for a violation on July 1, 1990, and that violation was not supported by the evidence, the contempt order is void and should be set aside.

▆▆▆ The July 1, 1990 payment which the commitment order states relator failed to pay is not supported by the evidence adduced at the August 1, 1991 hearing. In fact, respondent stated at the contempt hearing that relator made a payment on July 3, 1990, and an exhibit was admitted into evidence that verified that the payment was made. Texas adheres to the rule that if one punishment is assessed for more than one act of contempt, and one act is not punishable by contempt, the entire judgment is void. *Ex parte Davila,* 718 S.W.2d 281 (Tex.1986) (order holding Davila in contempt was void, because Davila was held in contempt for failing to pay a lump sum which included amounts which could not be the basis of a contempt at the time of the contempt hearing); *Ex parte Lee,* 704 S.W.2d 15, 17 (Tex.1986) (contempt order void because order stated adjudged to be in contempt on July 25, 1985 rather than May 30, 1985, actual date of hearing and judgment); *Ex parte Wood,* 675 S.W.2d 346, 347 (Tex.App.—Waco 1984, orig. proceeding) (contempt order void because relator

could not be held in contempt for $500 when he only owed $200 child support arrearage at contempt hearing); *Ex parte Carpenter*, 566 S.W.2d 123, 124 (Tex.Civ. App.—Houston [14th Dist.] 1978, orig. proceeding) (because contempt order included contempt for failing to pay medical expense pursuant to a vague provision of the divorce decree, it was unenforceable); *Cf. Ex Parte Mulkey*, 776 S.W.2d 308, 311 (Tex. App.—Houston [1st Dist.] 1989, original proceeding) (order reflecting nonpayment of two child support payments already paid did not void order since the trial court assessed punishment for each and every separate act of contempt). We hold that because relator could not be held in contempt for the July 1, 1990 payment, the entire order is void and relator should be discharged. Relator's point of error three is sustained.

Relator's application for writ of habeas corpus is granted. Because relator's writ of habeas corpus is granted on point of error three, we need not address relator's other two points of error. Accordingly, relator, Ernest Herrera, is ordered released and discharged from custody pursuant to the commitment order entered by the 245th Judicial District Court of Harris County on August 1, 1991, in Cause No. 88–40026.