IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-544-CV





EX PARTE: KENNETH BREWER,



 RELATOR





 


 




HABEAS CORPUS PROCEEDING FROM BURNET COUNTY



 





PER CURIAM



 By his original habeas corpus proceeding, relator Kenneth Brewer seeks discharge
from the custody of the sheriff of Burnet County. See Tex. Gov't Code Ann. § 22.221(d) (West
Supp. 1995); Tex. R. App. P. 120. Brewer is confined pursuant to an order of contempt rendered
by the district court of Burnet County on September 23, 1994. (1) Brewer asserts that he is illegally
restrained because the district court held him in contempt for matters not raised in the motion for
contempt and because he was twice held in contempt for the same actions. Because we conclude
that the order of contempt is void, we will order Brewer discharged.

 In June 1992, the district court issued temporary orders (the "June order")
appointing the Texas Department of Protective and Regulatory Services ("TDPRS") temporary
managing conservator of Brewer's three children and ordering him to pay child support in the
amount of $200 per month. See Tex. Fam. Code Ann. § 11.11(a) (West Supp. 1995). One year
later, the support payments were apparently reduced to $150 per month. In April 1994, TDPRS
filed a motion for contempt requesting that the trial court find Brewer in contempt for his failure
to pay child support as ordered. See Tex. Fam. Code Ann. §§ 11.11(h), 14.312 (West Supp.
1995); see Ex parte Hall, 854 S.W.2d 656, 658 (Tex. 1993) (order requiring temporary support
payments is enforceable by contempt). After a hearing, the trial court found that Brewer had
violated the June order and was in arrears in the amount of $4650; held him in contempt for the
violation; and assessed punishment at confinement in the Burnet County jail for a period of six
months. (2)

 An application for writ of habeas corpus is a collateral attack on the trial court's
order of contempt. The relator has the burden to demonstrate that the order was void, not merely
erroneous. Ex parte Christensen, 868 S.W.2d 376, 378 (Tex. App.--Houston [1st Dist.] 1993,
orig. proceeding). A relator may show that the order is void either because it was beyond the
power of the court to issue such an order or because the order deprived the relator of his liberty
without due process of law. Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980); Ex parte
Stephens, 734 S.W.2d 761, 762 (Tex. App.--Fort Worth 1987, orig. proceeding); see Ex parte
Williams, 704 S.W.2d 465, 468 (Tex. App.--Houston [1st Dist.] 1986, orig. proceeding) (contempt
order and proceedings and orders underlying it must satisfy procedural and substantive due
process). If the judgment ordering confinement is void, the confinement is illegal and the relator
is entitled to discharge. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979).

 In his first point of error, Brewer asserts that the contempt order is void because
he was found in contempt for failure to pay support of $4650 although TDPRS alleged
nonpayment of support in the amount of $3900 in the motion for contempt. The motion states:



Orders were given on June 14, 1992 for Mr. Brewer to pay child support of
$200.00 per month until June 15, 1993, then the payments were changed to
$150.00 per month. Mr. Brewer is in arrears by $3900.00. Payment schedule
attached hereto and made a part hereof for all intents and purposes. (3)



The payment schedule lists each date a payment was due, the amount due, the payments Brewer
made, and a total unpaid amount of $3900 for the period June 15, 1992, through April 1, 1994. 
The trial court, however, held Brewer in contempt for the violation of "the order of this Court
dated June 19, 1992, as follows: The Court finds that Respondent, Kenneth Brewer, was Ordered
to make payments for the temporary support of [his] children and is in arrears in the amount of
$4,650.00 . . . ." This amount apparently includes payments due from the date TDPRS filed its
motion through the date of the order of contempt.

 Due process requires that a party receive full and unambiguous notification of the
charges against him so that he has a reasonable opportunity to respond adequately. Ex parte
Adell, 769 S.W.2d 521, 522 (Tex. 1989); Gordon, 584 S.W.2d at 689-90. A contempt judgment
rendered without such notification is a nullity. Gordon, 584 S.W.2d at 688. Accordingly, a
motion to enforce an order for child support by contempt must state the amount owed, any amount
paid and the amount of arrearage; must allege the portion of the support order violated; and must
specify "as to each date of alleged contempt the amount due and the amount paid, if any." Tex.
Fam. Code Ann. §§ 14.311(b), .312(a) (West Supp. 1995). The motion satisfied these criteria
for past due amounts by incorporation of the payment schedule.

 However, the motion here did not allege that anticipated future violations of a
child-support order might occur between the time of the filing of the motion and the date of the
hearing on the motion. See Tex. Fam. Code Ann. § 14.311(e) (West Supp. 1995); Ex parte
Occhipenti, 796 S.W.2d 805, 810 (Tex. App.--Houston [1st Dist.] 1990, orig. proceeding)
(pleading that future violations of nature similar to past violations pleaded might arise was
sufficient notice that relator intended to be held in contempt for contemptuous acts arising after
motion filed). Because the motion for contempt did not assert anticipated future violations as a
basis for contempt, the motion did not give Brewer full and unambiguous notice of the accusations
of contempt. Ex parte Blanchard, 736 S.W.2d 642, 643 (Tex. 1987); Stephens, 734 S.W.2d at
764) (judgment holding relator in contempt for failure to pay timely void because motion for
contempt alleged only that relator failed to pay).

 Before concluding that the order of contempt is void, we address the question
whether the issue of contempt for failure to pay amounts not alleged in the motion was tried by
consent. The proceeding is before this Court without a statement of facts; therefore, we have no
record to show whether Brewer objected to any evidence offered regarding amounts owed in
addition to the amount of $3900 alleged in the motion. At oral argument, Brewer's counsel stated
that he would submit a stipulation regarding his objection to the TDPRS's offer of proof of the
additional amounts. To date, the Clerk of his Court has not received a stipulation.

 Nevertheless, we conclude that, even if Brewer did not object, the issue was not
tried by consent. (4) The supreme court has noted that a contempt proceeding is unlike an ordinary
civil proceeding:



The alleged contemnor may not ignore the show cause order as he might ignore
citation in a civil suit, for if he does he may be brought in under a capias. The
hearing has some of the incidents of a trial for crime inasmuch as penal sanctions
may be imposed and the alleged contemnor's appearance, not being voluntary,
cannot be taken as a consent to trial on other charges.



Gordon, 584 S.W.2d at 689 (quoting Ex parte Davis, 344 S.W.2d 153, 155-56 (Tex. 1961)). The
nature of the proceeding requires that a party have notice of each allegation for which he may be
held in contempt and precludes trial of an issue by consent.

 We also consider whether Brewer must show that he excepted to the failure to plead
future violations. In some instances, a relator may waive a complaint about the specificity of an
allegation in the motion for contempt if he does not specially except to the motion in the trial
court. Tex. R. Civ. P. 90; Occhipenti, 796 S.W.2d at 810; Stephens, 734 S.W.2d at 762; Ex
parte Blackmon, 529 S.W.2d 570, 573 (Tex. Civ. App.--Houston [1st Dist.] 1975, orig.
proceeding); see Tex. Fam. Code Ann. § 14.311(f) (West Supp. 1995) (special exceptions on
motion to enforce). The defect here, however, is an absence of any allegation; Brewer had no
pleading on which to base a special exception. Accordingly, the trial court may not have found
Brewer in contempt for any violations of the child support order not alleged in the motion for
contempt. The order of contempt is void; we sustain Brewer's first point of error. See Gordon,
584 S.W.2d at 689 (a judgment finding one in contempt is void when the order is based upon
matter foreign to accusation of contempt) (quoting Ex parte Padron, 565 S.W.2d 921, 925 (Tex.
1978)).

 If an order assesses one punishment for more than one act of contempt and one act
is not punishable by contempt, the entire order is void. Ex parte Davila, 718 S.W.2d 281, 282
(Tex. 1986); Ex parte Herrera, 820 S.W.2d 54, 56 (Tex. App.--Houston [14th Dist.] 1991, orig.
proceeding). The order here does not assess separate penalties for each failure to pay child
support. Accordingly, the entire order is void because the trial court could not hold Brewer in
contempt for failure to pay more than $3900 in child support. Davila, 718 S.W.2d at 282;
Herrera, 820 S.W.2d at 57. We, therefore, sustain Brewer's first point of error.

 Because we have determined that the order is entirely void on the basis that the trial
court held Brewer in contempt for violations not alleged in the motion for contempt, we need not
address his second point of error. We order relator Kenneth Brewer discharged from the custody
of the Burnet County sheriff.



Before Justices Jones, Kidd and B. A. Smith

Relator Ordered Discharged

Filed: January 11, 1995

Do Not Publish
1. [1] The sheriff took Brewer into custody on the same day pursuant to the court's writ of
commitment. This Court granted Brewer's application for writ of habeas corpus and directed
issuance of the writ and his release on bond on October 21, 1994.
2. [2] The contempt order is only criminal in nature because the sentence is fixed and definite and
Brewer cannot avoid the punishment by voluntary compliance. Ex parte Werblud, 536 S.W.2d
542, 545-46 (Tex. 1976); Ex parte Johns, 807 S.W.2d 768, 771 (Tex. App.--Dallas 1991, orig.
proceeding).
3. [3] The temporary order setting child support states that the trial court held a hearing on June
15, 1992. The trial court signed the order on August 3, 1992. The motion for contempt states
that the trial court entered an order on June 19, 1992, and then refers to orders given on June 14,
1992. Additionally, the motion states that payments were reduced in June 1993 but does not refer
to a specific order reducing the payments.
4. [4] Generally, parties seeking affirmative relief are restricted in their recovery to the claims
asserted in the pleadings. Realtex Corp. v. Tyler, 627 S.W.2d 441, 443 (Tex. App.--Houston [1st
Dist.] 1981, no writ). An issue may be tried by consent when evidence upon such issue is
developed under circumstances in which the parties understand that the issue was in the case and
the complaining party does not make an appropriate complaint. Tex. R. Civ. P. 67; Realtex
Corp., 627 S.W.2d at 443. The doctrine applies only in exceptional cases in which the record
clearly shows that the parties tried the unpleaded issue. Austin Area Teachers Fed. Credit Union
v. First City Bank--Northwest Hills, N.A., 825 S.W.2d 795, 800 (Tex. App.--Austin 1992, writ
denied).