Finnegan, Ex Parte 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-292-CV

EX PARTE BERNIE JOEL FINNEGAN, JR.,
                                                                                               Relator

 

Original Proceeding

                                                                                                    

O P I N I O N
                                                                                                    

          This is an original habeas corpus petition brought by Bernie Joel Finnegan, Jr., relator. 
He contends that the civil contempt order issued against him in the 66th District Court of Hill
County is void. We agree and grant the writ.
          On June 13, 1995, the Honorable F.B. McGregor, Jr., signed a warrant authorizing the
search of Finnegan's home. Sought to be seized by law enforcement officials were (1) pit bulldogs
allegedly owned by Finnegan and his wife, Melissa, for the purpose of dog fighting and (2) any
other articles related to the dogs or dog fighting. See Tex. Penal Code Ann. § 42.10 (Vernon
1994). Incorporated in the search warrant was an order issued by the trial court to the Finnegans
"to not sell, release or in any other manner dispose of or relinquish control [over] said pit bulldogs
or any other property subject to seizure under this warrant from the jurisdiction of this court until
otherwise authorized by this court."
          On June 15, law enforcement officials searched the Finnegans' home and found 47 pit
bulldogs on their property. The officials inventoried each one of them by name, age, weight, and
color. They also found several items of property related to the dogs, such as veterinary medicines,
photographs of the dogs, and dog magazines.
          On August 17 the State filed a motion for contempt, alleging the Finnegans had violated
the above-quoted order by "removing and disposing of the pit bulldogs in their custody." The trial
court issued a show cause order that same day and scheduled a hearing on the State's motion for
September 8.
          Following the hearing on September 8, the trial court found both Bernie and Melissa
Finnegan to be in civil contempt. The court ordered each party to pay a fine of $490. It also
ordered Bernie incarcerated in the Hill County Jail for either five months or until he (1) provided
access to his property so law enforcement officials could perform another inventory of the contents
of the premises and (2) demonstrated to law enforcement officials that the dogs and other items
seized by these officers during their execution of the June 13 search warrant had been maintained
pursuant to the court's June 13 order. The June 13 order was not included in either the trial
court's contempt or commitment orders. Reference was made, however, to exhibits entered into
evidence at the contempt hearing which contained the order. Bernie then brought this habeas
corpus petition.
          To confine a contemner to jail in accordance with the requirements of due process, the trial
court's commitment order must be supported by a written order of contempt. Ex parte Hernandez,
827 S.W.2d 858 (Tex. 1992) (per curiam) ("It is well established that both a written judgment of
contempt and a written order of commitment are required by due process to imprison a person for
civil constructive contempt."); Ex Parte Herrera, 820 S.W.2d 54, 56 (Tex. App.—Houston [14th
Dist.] 1991, orig. proceeding). A petition for a writ of habeas corpus may be granted if the order
of contempt is void on its face or is so completely without evidentiary support as to render it void. 
Ex Parte Herrera, 820 S.W.2d at 56. An order of contempt is void on its face if it does not
"clearly state in what respect the court's order has been violated and that the party is committed
to jail until the court's order is complied with to the extent required by the court." Ex Parte
Proctor, 398 S.W.2d 917, 918 (Tex. 1966) (orig. proceeding).
          Here, the order of contempt does not state with any specificity the manner in which Bernie
Finnegan violated the court's June 13 order. Ex Parte Aguilera, 768 S.W.2d 425, 427 (Tex.
App.—El Paso 1989, orig. proceeding); Ex parte Davis, 450 S.W.2d 97, 98 (Tex. Civ. App.—San
Antonio 1970, orig. proceeding). The June 13 order charged Bernie with the duty not to sell,
release, or in any other manner dispose of or relinquish control over the dogs. It also charged him
with the responsibility not to sell, release, or in any other manner dispose of or relinquish control
over any other property subject to seizure under the June 13 search warrant. The contempt order
does not indicate which, if any, of these two provisions were violated. It does not indicate
whether Bernie had allegedly violated the order by disposing of the dogs or by disposing of "other
property subject to seizure." If Bernie had allegedly disposed of the dogs, the contempt order does
not state which ones or even how many. If Bernie was in violation of the June 13 order in
disposing the property subject to seizure, the contempt order does not indicate which, if any, of
the items that were allegedly disposed. This lack of specificity renders the contempt order void. 
See Ex Parte Sinclair, 746 S.W.2d 956, 958 (Tex. App.—Houston [14th Dist.] 1988, orig.
proceeding) (Under the statute governing child support enforcement orders, failure of trial court
to specify which of two orders were grounds for contempt rendered the contempt order void. See
Tex. Fam. Code Ann. § 157.166 (Vernon Pamph. 1996)). Relator's petition for a writ of habeas
corpus is granted.
                                                                                 PER CURIAM


Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
          (Chief Justice Thomas not participating)
Petition for writ of habeas corpus granted
Opinion delivered and filed February 14, 1996
Do not publish