**Ex parte J. D. THETFORD and Wife, Mamie Thetford.**

**No. A–9649.**

Supreme Court of Texas.

July 24, 1963.

Doss Hardin, Fort Worth, Sid L. Hardin, Edinburg, for relators.

Toby Goldsmith, Fort Worth, for respondent.

CALVERT, Justice.

Petitioners seek relief from an indefinite sentence to jail imposed by a judgment of the District Court of the 17th Judicial District, Tarrant County.

Petitioners are the grandparents of three minor children, Cynthia Kay Thetford, Va-Linda Gay Thetford and Timothy Jason Thetford. Carlton Allen Thetford, petitioners' son, is the father of the children. Carlton and his wife, Dorothy Ann, were divorced in February, 1961 and legal cus-

tody of the children was awarded to the mother. In October, 1961 the mother left the children with one Ruth Scott, and has not been heard from since that time.

On some date not shown in the record, Ruth Scott filed suit in the 48th District Court of Tarrant County against Carlton Thetford and petitioners for legal custody of the children, but citation was never served on Carlton Thetford and he never filed an answer or entered an appearance. Thereafter, petitioners filed suit in the 17th District Court against Ruth Scott for custody of the children. Ruth Scott's suit was transferred from the 48th District Court to the 17th District Court, and the two suits were consolidated and set for trial on June 4, 1963, at which time trial was begun. The court recessed the trial to June 13th, with an announcement by the court that the children were to remain in the physical custody of Ruth Scott until the taking of testimony was concluded on that date.

Ruth Scott left the children with a sixteen year old babysitter in Fort Worth during the evening of June 4th. They were forcibly taken from her possession.

On June 10th, pursuant to a petition therefor filed by Ruth Scott, the Judge of the 17th District Court issued an order to petitioners commanding them to produce the children before the court on June 12th, and to show cause why they held the children in restraint of their liberty and why they should not be held in contempt of the court.

Both of petitioners appeared, were sworn as witnesses and testified at the hearing on June 12th. They did not produce the children. Both testified that they were not at the home of the baby-sitter on the 4th, but were in Cleburne the entire evening on that date; that during the evening their son telephoned them and told them he had obtained possession of the children, and that he brought them by later in the evening for a visit; that they did not have possession of the children, and did not know where their son had taken them.

The baby-sitter was the only other witness to testify at the hearing. She testified that petitioners and Carlton Thetford came to the house where she was caring for the children during the evening of June 4th; that petitioner, J. D. Thetford, was the driver of the automobile in which they arrived and remained in it, but that petitioner, Mamie Thetford, came into the house with her son and pushed the witness as she was seeking to prevent the father from forcibly taking the children from her possession; that the children were taken away in the automobile.

At the conclusion of the hearing the court ordered petitioners to produce the children in court by 9:00 o'clock, a. m., on June 13th, and when they failed to do so they were adjudged to be in contempt for failing to produce the children as ordered and for giving perjured testimony. As punishment the court imposed a fine of $100.00 on each of the petitioners and ordered them confined in jail for three days, the maximum punishment for contempt authorized by Art. 1911, Vernon's Texas Civil Statutes. The court further ordered that petitioners remain in jail until they should purge themselves of their contempt by producing the three children before the court.

Petitioners were confined in jail on June 13th and had been confined for three days when we ordered their release on bond on June 17th. They have since paid the fines assessed against them. It thus appears that petitioners are now restrained of their liberty by virtue of the coercive part of the judgment which directs that they be confined in jail until they produce the children before the court.

■■■ A habeas corpus proceeding is a collateral attack on a judgment of contempt, and one may be relieved of its impositions only if the judgment is void. Ex Parte Helms, 152 Tex. 480, 259 S.W.2d 184, 186. A judgment of contempt imposing a coercive restraint is void if the condition for purging the contempt is impossible of performance. Ex Parte DeWees, 146 Tex.

564, 210 S.W.2d 145; Ex Parte Helms, 152 Tex. 480, 259 S.W.2d 184.

There is a conflict between the testimony of petitioners on the one hand and the baby-sitter on the other as to whether petitioners aided and abetted their son in removing the children from the custody of Ruth Scott, to whom temporary custody had been awarded, and thus in interfering with orderly judicial processes. But the judgment of contempt was not based upon that action; rather, it was based upon failure to produce the children in court as commanded and the giving of perjured testimony. Since the penalty imposed for that contempt has been discharged, we need not decide whether it was properly or legally imposed. We are concerned only with the validity of the order that petitioners be confined in jail until the children are produced in court.

■ All of the testimony at the contempt hearing shows that the father of the children took possession and control of the children. While petitioners may have wrongfully aided their son in obtaining possession, there is in the record of the hearing no testimony that they then took, or have since had, possession and control of the children. Presumably the children are still in the possession and control of their father. As a condition to purging themselves of contempt, petitioners are required, therefore, to perform an act which, on the record made in the trial court, is impossible of performance.

This case is ruled by Ex Parte DeWees, 146 Tex. 564, 210 S.W.2d 145, almost squarely in point on the facts, in which we ordered the relator discharged with the observation that the judgment could result in imprisonment for life if the one having actual possession and control of the child should decline to produce it.

We mention one other matter, not as a basis for discharging petitioners, but as illustrative of the grave injustice which can flow from the type of coercive judgment here entered. An affidavit by Carlton Thetford, a resident of Louisiana, has been filed in this court. In it the affiant states that the three children are in his possession and custody, and that the petitioners have informed him of their fines and imprisonment. The affidavit continues:

"I sincerely regret the difficulty my said parents have experienced in connection with this matter, but the future of my said three children is at stake and I intend to keep them in my possession and custody, and do not intend to and will not return said minor children to the State of Texas. I am forced to choose between my own children and their future, and the possible imprisonment of my parents, and as much as I regret to make the decision, I feel forced to decide in favor of my three minor children and against my parents. I have previously informed my parents, J. D. Thetford and Mamie Thetford, by letter, of my sincere regret to learn of the trouble in which they have become involved over my three children, and have advised them that I do not intend to and will not return my three children to the State of Texas, even though my parents requested me to do so."

Attached to the affidavit is a purported copy of an order of a Louisiana Juvenile Court awarding temporary custody of the three children to Carlton Allen Thetford.

It may be that if petitioners were held hostage for return of the children long enough their son would relent. But as we observed in Ex Parte DeWees, 146 Tex. 564, 210 S.W.2d 145, 147:

"Our concern is not what will certainly happen if relief is denied, but what could happen. Obviously, the thing that could happen is the lifetime imprisonment of relator, and a denial of relief would be a recognition by this court of the power of the trial judge to enter an order having that effect."

Relators are ordered discharged.

WALKER, J., not sitting.