**Ex parte Lorene NOLAND, Relator.**

**No. B–2291.**

Supreme Court of Texas.

Nov. 11, 1970.

Bill Glaspy and James A. Attaway, Jr., Mesquite, for relator.

N. Alex Bickley, City Atty., Thomas B. Thorpe and Joseph G. Werner, Asst. City Attys., Henry Wade, Dist. Atty., Dallas, for respondent.

WALKER, Justice.

This is an original habeas corpus proceeding. Lorene Noland, relator, was adjudged in contempt of court for failure to comply with a subpoena duces tecum and with an order of the court. The contempt proceeding arose out of a suit instituted by the State to obtain temporary and permanent injunctions restraining relator and one Paul Noland from exhibiting a certain motion picture film which was alleged to be obscene within the meaning of Article 527 of the Vernon's Ann.Texas Penal Code. Citation and a subpoena duces tecum requiring production of the film were served on relator, but apparently Paul Noland was never served with either.

Relator did not produce the film in response to the subpoena or after being ordered by the court to do so during the hearing on the temporary injunction. She was then adjudged guilty of contempt. The punishment assessed was a fine of $100.00 and three days in jail, and the court further directed that relator remain in jail until she purges herself by producing the film.

Detective Rodgers of the Dallas Police Department and relator were the only witnesses at the hearing. It appears that rela-

tor sold tickets at the theater where the film was being shown, but she is not shown to have had any other connection with the theater or the film. According to relator's testimony, the theater was owned by her son, Paul Noland, and one Ernest Shaw. She has never owned any interest in the theater and has never had actual control of the film or the legal right to control the same. In view of this testimony and there being no evidence to warrant the belief that relator had or could have obtained possession of the film when the subpoena was served or at any time thereafter, it is our opinion that involuntary inability to comply with the subpoena and order is shown as a matter of law. See Ex parte Thetford, Tex.Sup., 369 S.W.2d 924; Ex parte White, 154 Tex. 126, 274 S.W.2d 542; Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145. Accordingly, relator is ordered discharged.