**Ex parte Leo Roy WHITEHEAD,**
**Relator.**

**No. 01–95–00899–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 12, 1995.

Lawrence J. Behrmann, Houston, for Appellant.

Donald M. Stull, Houston, Victoria H. Gallagher, Tomball, for Appellees.

Before COHEN, WILSON and ANDELL, JJ.

## OPINION

COHEN, Justice.

Relator was found in civil and criminal contempt for failing to pay child support and failing to maintain health insurance on his children, as required in his divorce decree. We grant habeas corpus relief. We hold that the commitment is unenforceable for several reasons, including one that plagues many contempt judgments we review. This order of commitment holds relator in contempt for violating a condition of probation, instead of for the contemptuous acts that led to probation in the first place. When a probated contempt sentence is revoked, the violation of probation is not automatically an additional act of contempt. Therefore, as a general rule, the relator may be punished for the contemptuous acts found in the probated judgment, not for probation violations occurring after the judgment.

Relator was divorced from Santlra Reese on April 6, 1994. He was ordered to pay $500 per month in child support and "as additional child support ... to maintain at all times ... medical and health insurance coverage on the ... children."

Reese's motion for contempt was heard June 13, 1995, and the court orally rendered judgment that day finding relator in contempt for failing to pay his monthly child support every month from April 1994, through May 1995, in the total amount of $7,000. The court also found relator in contempt for failing to provide health insurance. In addition, the court found that the cost to Reese of providing health insurance for the children was $2,880 for the period of April 1994, through March 1995. Finally, the court found that prejudgment interest of $500 had accrued and that Reese's reasonable attorney's fees were $750.

The court granted the following relief in its written judgment:

1. It found each of the 14 failures to pay child support of $500 per month and each of the 12 failures to pay monthly premiums on the health insurance policy to be separate acts of criminal contempt and assessed a punishment of 30 days in jail for each act, to be served consecutively, a total of 26 months in jail.

2. It found relator in civil contempt and ordered that after the 26 months of confinement for criminal contempt had elapsed, he was to be further confined until he paid Reese $10,380 ($7,000 child support, plus $2,880 insurance premiums, plus $500 prejudgment interest) and $750 in attorney's fees.

3. It suspended the commitment and placed relator on probation for one month, until July 13, and, as a condition of probation, he was ordered to pay $5,000 in cash as a lump child support arrearage and $750 attorney's fees by 5:00 p.m. on July 13.

4. It granted Reese a judgment for $10,-380 against relator.

5. It ordered relator to appear at 9:30 a.m. on July 13, 1995, "for a hearing to determine whether (relator) has complied with the terms and conditions of (his) probation and for suspension of commitment under this order and, if not, for commitment."

This judgment was not signed, however, until July 13, 1995, the same day set for the compliance hearing.

On July 13, the compliance hearing was held, and the court signed an "order of commitment," stating that relator was "charged with contempt of court in failing and refusing to comply with the terms of the judgment/order by this court rendered [1] on or about the 13th day of June, 1995. . . ." The judge apparently struck through the word "entered" and substituted the word "rendered" in recognition of the fact that only oral rendition of judgment had occurred on June 13, and no written judgment was signed until July 13. The order of commitment also states that relator:

> is guilty of contempt of this court in that he has failed and refused to pay child support as heretofore ordered in an amount of $5,000. It is accordingly ordered, adjudged and decreed by the court that (relator) be and is hereby found guilty of contempt of court by reason of his failure and refusal to make the payments of child support heretofore ordered in an amount of $5,000 in defiance of the terms of the judgment/order herein above referred to and his punishment for such contempt is here fixed at confinement in the Harris County Jail for a period of 30 days and to remain there in confinement until he has made payment of the following ($5,000 child support arrearage) upon payment of said $5,000 he will be purged of this contempt and will be released from confinement. . . .

■ This order of commitment is unenforceable for many reasons. The first is that oral rendition of judgment will not support contempt. *Ex parte Strickland*, 723 S.W.2d 668, 669 (Tex1987); *Ex parte Herrera*, 820 S.W.2d 54, 56 (Tex.App.—Houston [14th Dist.] 1991, orig. proceeding). Only a written judgment will do so. *Id.* The judgment orally rendered on June 13 was not signed until July 13, 1995, the same day as the commitment. A contempt judgment must be

signed by a judge within a "short and reasonable time" after the finding of contempt. *Ex parte Calvillo Amaya*, 748 S.W.2d 224, 225 (Tex.1988). Thirty days is not a short and reasonable time. Moreover, nothing shows the judgment was signed before the order of commitment. In short, relator cannot be in contempt of the oral order of June 13. Nor can he be held in contempt on July 13 for violating the written judgment signed the same day. That would deny him the 30 days to comply. Thus, the commitment order is completely void.

■ Next is the problem we described at the beginning of this opinion. Even if the judgment had been signed on June 13, this order of commitment would be unenforceable because it sentences relator to jail for acts other than those tried and adjudicated on June 13. Relator was not found guilty on June 13 of failing to pay $5,000. He had no duty to pay that amount until after the June 13 hearing. Commitments like this misconstrue the effect of failing to comply with terms of a probated suspension of a contempt sentence. When, as here, a judge finds a party in contempt, she may suspend the sentence and place the offender on probation on certain conditions like those ordered here. The purpose of the compliance hearing is to determine whether the offender has complied and, if not, for commitment under the terms of the judgment—not for violating the terms of the probation. We hold that, as a general rule, failing to comply with conditions of probation does not constitute a new act of contempt. Rather, it exposes the offender to commitment for the acts adjudicated at the earlier hearing on the motion for contempt.

■ Another defect in the judgment [2] is that all punishment it assesses for criminal contempt beyond 180 days is void because criminal contempt sentences of more than 180 days may not be assessed unless there was a jury trial or a jury waiver. *United Mine Workers of America v. Bagwell*, ——

1. The word "rendered" is handwritten.

2. By "judgment," we refer everywhere in this opinion to the order orally rendered June 13, 1995, which was signed July 13, 1995, and is styled "Order Modifying Decree of Divorce, Holding Respondent in Contempt for Failure to Pay Child Support, Granting Judgment and for Suspension of Commitment."

U.S. ——, ——, 114 S.Ct. 2552, 2557, 129 L.Ed.2d 642 (1994); *Ex parte Sproull,* 815 S.W.2d 250 (Tex.1991); *Ex parte Minns,* 889 S.W.2d 16, 17 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). Here, there was neither. Therefore, of the 26 consecutive 30 day sentences for criminal contempt, 20 are void for lack of a jury trial or waiver.

 Next, the judgment's order for consecutive sentencing exceeds the sentence the judge orally announced in court on June 13. On June 13, the judge stated, "I'm hereby sentencing you to jail for 30 days and every day thereafter until the amount of money that is due and owing is to be paid," and suspended the sentence. When the judge signed the judgment 30 days later on July 13, she ordered consecutive sentences. This inconsistency was cured by the commitment order of July 13, which imposed one 30 day sentence, but that order is void for reasons discussed. Increasing a sentence after a trial by later ordering it to be served consecutively is a void act because it constitutes double jeopardy. *Ex parte Voelkel,* 517 S.W.2d 291, 292 (Tex.Crim.App.1975); *Ex parte Brown,* 477 S.W.2d 552, 554 (Tex.Crim. App.1972); *Ex parte Reynolds,* 462 S.W.2d 605, 607 (Tex.Crim.App.1970); *State v. Dickerson,* 864 S.W.2d 761, 763–64 (Tex.App.— Houston [1st Dist.] 1993, no pet.) (en banc).

Finally, all contempt findings, both civil and criminal, for failing to pay insurance premiums are void because the divorce decree did not order relator to pay any amount of money to anybody at anytime for insurance. It ordered him to keep and maintain health insurance on the children "at all times." Although relator did not do so, the trial court's order holding him in contempt for not paying Reese $241.70 on the 15th of each month is void.[3]

Relator contends that he was found in contempt for failing to pay child support on October 15, November 15, and December 15, 1995, dates that had not yet occurred. This complaint, as well as all others concerning

procedural and substantive defects, are rendered moot by our holdings above.

Habeas corpus relief is granted, and the order of commitment is declared void.

---

3. In this habeas corpus proceeding, we are concerned only with the legality of the contempt findings. Nothing in this opinion affects the trial court's judgment for money damages in favor of Reese; that judgment is not before us for review.