NO. 12-03-00327-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 



IN RE: CLINTON ELBERT TUBBS,
§
 ORIGINAL PROCEEDING

RELATOR


§
 






MEMORANDUM OPINION


 Relator filed an emergency petition for writ of habeas corpus seeking relief from an order
holding him in contempt for nonpayment of temporary spousal support and committing him to the
Van Zandt County jail for 130 days. We deny Relator's petition.


Nature of the Proceeding


 A petition for a writ of habeas corpus is a collateral attack on the trial court's order, and it
is the relator's burden to demonstrate that the order is void. Ex parte Ramon, 821 S.W.2d 711, 713
(Tex. App.-San Antonio 1991, orig. proceeding); Ex parte Dean, 517 S.W.2d 365, 367 (Tex. Civ.
App.-Houston [1st Dist.] 1974, orig. proceeding). In an original habeas corpus proceeding, we may
not determine fact issues nor may we weigh the evidence offered at the contempt hearing to
determine whether it preponderates against the judgment. Ex parte Hightower, 877 S.W.2d 17, 20
(Tex. App.-Dallas 1994, orig. proceeding); Ex parte Loftin, 522 S.W.2d 591, 593 (Tex. Civ. App.-
Tyler 1975, orig. proceeding). The trial court is the sole judge of the witnesses' credibility and
weight to be given their testimony. Ex parte Elmore, 161 Tex. 585, 342 S.W.2d 558, 561 (1961)
(orig. proceeding). As factfinder, the trial court may accept or reject all of any part of a witness's
testimony and may resolve any inconsistencies in any witness's testimony. Hood v. Texas Indem.
Ins. Co., 146 Tex. 522, 209 S.W.2d 345, 346 (1948); McGalliard v. Kuhlman, 722 S.W.2d 694, 697
(Tex. 1986). "[W]e may only determine if the trial court's contempt findings are so completely
without evidentiary support that the trial court's judgment is void because it deprives a relator of
liberty without due process of law." Ex parte Hightower, 877 S.W.2d at 20; see also Ex parte
Helms, 152 Tex. 480, 259 S.W.2d 184, 186 (1953).


Issues and Analysis


Inability to pay

 In his first issue, Relator contends that he must be discharged from jail because he presented
uncontroverted evidence of his inability to pay his temporary spousal support arrearages. 

 At the contempt hearing, Relator testified that he had been unable to pay the court-ordered
temporary spousal support because he had been on family medical leave for six weeks, during which
time he had no income, and because he had experienced a number of events he described as
"backsets." However, he also testified that he could get the money out of his retirement account to
pay his delinquent spousal support. On cross examination, Relator confirmed that he could borrow
against his retirement fund to pay the arrearages. Therefore, the evidence supports a conclusion that
Relator has the ability to pay the amount of the arrearages in dispute. Relator's first issue is
overruled.

Admonishment by the trial court

 In his second issue, Relator maintains that he was not properly admonished. Because the
charge against him was "serious", Relator's argument continues, the trial court's failure to properly
admonish him constitutes a complete denial of due process. 

 Relator first contends that he was not informed of his right to a jury trial and did not waive
that right. In criminal contempt proceedings, a contemnor has the right to a jury trial if the contempt
is a serious offense, but not if it is a petty offense. Ex parte Werblud, 536 S.W.2d 542, 547 (Tex.
1976). "[C]riminal contempt, in and of itself and without regard for the punishment imposed, is not
a serious offense absent a legislative declaration to the contrary." Id. at 546. Absent legislative
authorization of more serious punishment, a sentence of as much as six months in prison may be
imposed for criminal contempt without a jury trial. Id. Imprisonment for longer than six months
is impermissible unless the contemnor has been given the opportunity for a jury trial. Id. Thus,
Werblud states clearly the dividing line between petty and serious contempt: unless the legislature
has authorized a serious punishment (which the Texas legislature has not), (1) the punishment imposed
determines whether the contempt is petty or serious, not the punishment possible. In re Brown, No.
07-03-00165-CV, 2003 WL 21033828, at *3 (Tex. App.-Amarillo 2003, orig. proceeding) (citing 
Werblud, 536 S.W.2d at 546-47; Ex parte Casillas, 25 S.W.3d 296, 299 (Tex. App.-San Antonio
2000, orig. proceeding)).

 Here, Relator was sentenced to 130 days in jail. As such, his punishment is petty and not
serious according to the guidelines set forth in Werblud. Therefore, Relator was not entitled to a jury
trial and was not entitled to be admonished to the contrary.

 Relator next asserts that he was not advised of his right not to be compelled to give testimony
against himself. The privilege against self-incrimination applies in a criminal contempt proceeding. 
Werblud, 536 S.W.2d at 546. Whether the privilege is implicated when an individual testifies
depends on why the witness chose to testify. Brown, 2003 WL 21033828, at *4 (citations omitted). 
In determining the witness's reason for testifying, the totality of the circumstances must be assessed. 
Id. If the decision constituted an exercise in free will, the privilege against self-incrimination is not
implicated. Id. 

 In the instant case, Relator was sworn at the beginning of the hearing. He was represented
by counsel, and his counsel called him as a witness. Relator does not contend that he was compelled
to testify, that he would not have testified had he been admonished by the trial court, or that he was
unaware of his right to refuse to testify. Furthermore, the record does not reveal that any of those
circumstances existed. Consequently, the trial court did not err in failing to admonish Relator of his
right not to be compelled to testify. 

 Finally, Relator states that the trial court did not inform him that "he could be criminally and
unconditionally punished as has occurred in this case." We interpret this statement as a complaint
that the trial court did not inform Relator that he could be held in contempt without a means to purge
himself of the contempt. Relator cites no authority for the proposition that such an admonishment
is required. Therefore, the trial court did not err in failing to admonish Relator in that regard. 
Relator's second issue is overruled.

Trial court's comment

 In his third and final issue, Relator complains of a statement made by the trial court to the
bailiff. We have reviewed the record furnished by Relator, but have not found such a statement.
Relator's third issue is overruled. See Schlafly v. Schalfly, 33 S.W.3d 363, 373 (Tex. App.-
Houston [14th Dist.] 2000, pet. denied) (in appellate court, parties should limit arguments to matters
contained in the record).


Conclusion


 Having overruled issues one, two, and three, Relator's emergency petition for writ of habeas
corpus is denied.

 DIANE DEVASTO 

 Justice



Opinion delivered October 8, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.







(PUBLISH)



1. The Texas contempt statute provides that punishment for contempt of court other than a justice or municipal
court is a fine of not more than $500 or confinement in the county jail for not more than six months, or both. Tex. Gov't
Code Ann. § 21.002(b) (Vernon Supp. 2003).