NO. 07-08-0239-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 5, 2008

_____

In re: STEPHEN E. MEIWES,

Relator

_____

***Original Proceeding on Petition for Writ of Habeas Corpus***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Before us is an application for writ of habeas corpus filed by Stephen E. Meiwes. He was held in contempt for violating a protective order entered by the trial court while he and his wife, Jane Meiwes were being divorced. We deny the application.

*Issue One – Due Process*

Meiwes initially contends that he was denied due process because he was denied notice of the contempt motion and hearing. We conclude that the issue was waived for he generally appeared at the hearing and said nothing about the absence of a show cause order or the execution of process upon him. *See Ex parte Linder*, 783 S.W.2d 754, 758-59 (Tex. App.–Dallas 1990, orig. proceeding) (holding that by appearing at and participating in the contempt hearing, the accused waived any complaint he had regarding the irregularity of service of process).

*Issue Two – Order Was Beyond the Trial Court's Jurisdiction*

Next, Meiwes contends that the protective order he violated was void since it exceeded the trial court's jurisdiction. Furthermore, it purportedly exceeded that jurisdiction because the court could not grant relief in the November 2005 Modified Protective Order that prohibited his use of violence against or barred him from contacting anyone other than family members. We reject the issue because the order of contempt was based upon contact with family, as opposed to non-family members.

It is well-settled that portions of a decree that are void can be severed from those which are valid as long as the latter are not dependent upon the former. *Blaylock v. Riser*, 163 Tex. 235, 354 S.W.2d 134, 137 (1962). So, assuming *arguendo* that the trial court could not bar Meiwes from contacting or harming non-family members, we do not consider its authority to bar contact with and injury to family members as dependent upon the provisions encompassing non-family members. Thus, the provisions which Meiwes was found to have violated were both separable from those which were purportedly invalid and unenforceable.

*Issue Three – Jury Trial*

Next, Meiwes contends that he should have been granted a jury trial when the court considered the motion for contempt. We overrule the issue because the punishment imposed (45 days incarceration) fell within the realm of a petty crime, and one is not entitled to a jury trial when charged with such a crime. *In re Brown*, 114 S.W.3d 7, 10-12 (Tex. App.–Amarillo 2003, orig. proceeding) (finding that the complainant was not entitled

2

to a jury trial because his punishment for contempt did not exceed six months incarceration).

*Issue Four – Void Judgment*

Meiwes' issue number four has several components. The first one that we address concerns whether the protective order he violated was interlocutory. If it was, then nothing allegedly existed upon which to base the contempt action since the protective order would have merged into the final decree of divorce. We disagree. The majority of courts that have considered whether protective orders are final or interlocutory have likened them to permanent injunctions and deemed them to be final if they disposed of all issues and parties. *Vongontard v. Tippit*, 137 S.W.3d 109, 110-11 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (and the cases cited therein). This concept follows that found in §81.009 of the Family Code. There, we are told that protective orders are appealable but must await appeal until a final judgment is executed in the primary suit. TEX. FAM. CODE ANN. §81.009(a), (b), & (c) (Vernon Supp. 2008) (prohibiting the appeal until a final judgment dissolving the marriage is executed or a final order providing for the support or possession of the child is executed). Moreover, from §81.009 we deduce another bit of important information. If one must wait until after the judgment becomes final to appeal, then the protective order must survive entry of the judgment; if this were not so, then there would be nothing to appeal.[1]

Next, Meiwes believes that the contempt order was void because "[w]hen the contempt motion says one thing, and [the] order . . . says another, then the order of

---

[1]Of course, if the effect of the protective order had a date finite written into it and the misconduct occurred thereafter, the result may differ.

contempt is void." Additionally, he cites the opinion in *Ex parte Gordon*, 584 S.W.2d 686 (Tex. 1979) as support for the proposition. Interestingly, *Gordon* dealt with a situation wherein the motion for contempt charged the accused with violating one provision of a prior order. Yet, he was tried for allegedly violating a different provision. We do not have that situation here. Meiwes was charged, via the motion, with seven violations of the modified protective order. The trial court, via its order of contempt, expressly found him in violation of two of the seven. So, we reject the issue since we do not have before us circumstances like those in *Gordon.*

*Issue Five – Ineffective Assistance of Counsel*

Next, Meiwes posits that he was denied the effective assistance of counsel in his criminal contempt proceeding. We overrule the issue.

Assuming *arguendo* that one has the right to effective counsel at a contempt proceeding, Meiwes had the burden to prove that he was denied same. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). This meant that he not only had to prove that counsel's actions were deficient but also that they caused prejudice. *Id.* at 812-13. Moreover, when the record is silent as to why trial counsel did what he did, then we generally presume that the decision was part of some reasonable trial strategy. *Garza v. State,* 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

In perusing the record before us, we are cited to no admissible testimony from trial counsel explaining why he may or may not have undertaken the acts of which Meiwes complains. This is of import because the decisions to 1) allow Meiwes to testify on his own behalf (rather than invoke the right against self-incrimination and remain silent) and 2)

4

forego objection to the enforcement of valid parts of the protective order may have been based upon counsel's belief that it is better to be cooperative and open with the trial court rather than contumacious and secretive. This seems especially so when it is one of the trial court's own orders that Meiwes was said to have purposefully violated. Moreover, we find no flaw in trial counsel's alleged failure to request a jury when, as discussed above, his client was not necessarily entitled to one. Indeed, the decision could have been based upon the belief that foregoing a jury trial would effectively restrict the period in which his client could be sentenced to jail. So, in short, we conclude that Meiwes did not carry his burden in proving that he received ineffective assistance of counsel.

Each issue raised by Meiwes is overruled, and the application for habeas corpus is denied.


Brian Quinn
Chief Justice