

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00046-CV

_____

IN RE:
BONNIE ALLEN-PIERONI

Original Habeas Corpus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Bonnie Allen-Pieroni and Marc John Pieroni were divorced in 2009 and were named joint managing conservators of their three children. By its order dated March 22, 2011, after finding Allen-Pieroni in contempt for violating the standing child-possession orders[1] on fourteen different occasions stretching from July 12, 2010, through January 10, 2011, the trial court ordered Allen-Pieroni confined for seven separate twenty-four-hour periods, one for each of the seven violations admitted by Allen-Pieroni, and ordered a single, separate suspended sentence for the other violations, the ones which Allen-Pieroni denied committing. By application for writ of habeas corpus,[2] Allen-Pieroni complains that she was not admonished at the contempt hearing concerning her rights, that she was improperly ordered to pay attorneys' fees,[3] and that the appointed amicus attorney harmfully testified using confidential information belonging to her. Because Allen-Pieroni has not demonstrated herself entitled to such relief, we deny her application.

---

[1]It appears that both of the ex-spouses had filed motions for enforcement and contempt. No finding was made, or relief provided, against the ex-husband, but the trial court granted the motion to enforce filed by the ex-husband, and held relator in contempt for failing to obey a series of orders of the court. The order sets out the violations in detail. The fourteen violations listed in the order each have to do with specific violations of the terms of access and possession of the children as had been previously ordered by the trial court. The court found her in contempt, found that she admitted seven of the violations, and that she had the ability to comply with those orders.

[2]This Court has original jurisdiction over a habeas proceeding in this situation. TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004). This application was filed at 11:00 a.m., Friday, April 15, 2011, less than twenty-four hours before the start of the second period of confinement.

[3]The issue urged relative to attorneys' fees is irrelevant to Allen-Pieroni's effort to gain release from confinement under the order of contempt. It will not be considered in this matter.

2

Allen-Pieroni's original habeas corpus proceeding in this Court is a collateral attack on the contempt order. *Ex parte Dustman*, 538 S.W.2d 409, 410 (Tex. 1976). Therefore, Allen-Pieroni may be granted relief from that order only if it is void. *Id.*; *Ex parte Thetford*, 369 S.W.2d 924, 925 (Tex. 1963); *Ex parte Scariati*, 988 S.W.2d 270, 272 (Tex. App.—Amarillo 1998, orig. proceeding). When collaterally attacked in a habeas corpus proceeding, a judgment is presumed valid until the relator has discharged the burden showing otherwise. *In re Brown*, 114 S.W.3d 7, 9 (Tex. App.—Amarillo 2003, orig. proceeding); *Ex parte Occhipenti*, 796 S.W.2d 805, 808–09 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding).

Allen-Pieroni has the burden to present to this Court a sufficient record to support her claim for relief. *See Ortiz v. State*, 144 S.W.3d 225, 229–30 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Without having before us a complete record, we presume that the record contains information demonstrating a lack of error. *In re Lau*, 89 S.W.3d 757, 760–61 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding); *see Applewhite v. State*, 872 S.W.2d 32, 33 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

In this case—though she indicated in her application a desire to provide us at least some part of the reporter's record, and we specifically gave her an opportunity to do so—Allen-Pieroni has provided us no record of the proceedings. Instead, she relies on two affidavits, one by her counsel and one by Allen-Pieroni herself, each affidavit labeled as a "bystander's bill," attached to the application as evidence. Rule 33.2(c)(3) of the Texas Rules of Evidence provides a procedure

3

traditionally referred to as a "Bystander's Bill of Exception," which enables a party to develop a record and place an issue before an appellate court when the party's version of events differs from that of the trial court. TEX. R. APP. P. 33.2(c)(3); *see Thieleman v. State*, 187 S.W.3d 455, 457 n.2 (Tex. Crim. App. 2005); *Bryan v. Watumull*, 230 S.W.3d 503, 516 (Tex. App.—Dallas 2007, pet. denied). Because Allen-Pieroni has not argued or shown that her situation fits within the scope of the rule, the attempted use of a bystander's bill is improper to act as a replacement for a record. With an insufficient record before us, we will provide no relief. *In re Mott*, 137 S.W.3d 870 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding); *see* TEX. R. APP. P. 52.3(k)(1)(A).

We deny habeas corpus relief.


Josh R. Morriss, III
Chief Justice

Date Submitted:    May 4, 2011
Date Decided:     May 5, 2011

4