**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 2, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-01080-CV

### IN RE CAROLINA I. ZEVALLOS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2002-53178**

## MEMORANDUM OPINION

On December 15, 2011, relator Carolina I. Zevallos filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Denise Pratt, presiding judge of the 311th District Court of Harris County to set aside the Order of Enforcement of Possession by Contempt and Suspension of Commitment.

### I. Background

The parties were divorced in 2003, and were appointed joint managing conservators of their only child. The father, real party in interest Angel Gomez, filed a motion for enforcement of the possession order in which he alleged the mother, relator:

1. Failed to provide appropriate written authorization to allow the child to travel with the father,

2. Twice, failed to surrender the child's passport in order for the child to travel with the father beyond the territorial limits of the United States,

3. Twice failed to timely surrender the child for a 30-day period of extended summer possession,

4. Nine times, failed to timely surrender the child for the father's weekend period of possession, and

5. Seven times, failed to timely surrender the child for the father's Thursday period of possession

The father sought to have relator held in contempt, and sought "make-up" periods of possession to compensate for the periods of possession he had been denied.

The trial court held a hearing over several days and concluded that relator had violated nine counts of the terms of the possession order including denying possession and failing to give appropriate written authorization to allow the child to travel out of the country with the father. The court further found that relator failed to surrender the child's passport for international travel with her father.

In an order signed December 1, 2011, the court found relator in criminal contempt and sentenced her to 180 days in jail for each count with the periods of confinement to run consecutively. The court suspended the commitment and placed relator on probation until such time as she purged herself of contempt by complying with the terms of the enforcement order. One of the conditions of probation requires relator to allow the father to have possession of the child over the Christmas holiday for 2011.

On January 6, 2012, the trial court amended the order of enforcement to reflect that the 180-day periods of confinement are to run concurrently.

Relator challenges the "Order of Enforcement of Possession Order by Contempt and Suspension of Commitment" on the grounds that the trial court abused its discretion

in (1) finding relator in criminal contempt on a "serious" charge without holding a jury trial or admonishing her as to her right to a jury trial; (2) granting the father additional periods of possession that were not of the same type and duration of the possession or access that was denied, and (3) holding relator in contempt of an order that was vague and unclear.

## II. Mandamus Standard

Courts will issue mandamus to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Contempt orders are not reviewable by appeal; therefore, if a trial court abuses its discretion by holding someone in contempt, there is no adequate remedy by appeal, and the second prong of mandamus review is satisfied. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999).

## III. Analysis

### A. Finding of criminal contempt

Relator argues first that she was charged with a "serious offense," and was therefore entitled to a trial by jury. An absolute right to trial by jury in contempt proceedings does not exist. *See Muniz v. Hoffman*, 422 U.S. 454, 475–77 (1975); *Ex parte Griffin*, 682 S.W.2d 261, 262 (Tex. 1984) (orig. proceeding). An alleged contemnor has the right to a jury trial in criminal contempt cases where the punishment assessed is "serious." *See Muniz*, 422 U.S. at 476–77; *Ex parte Werblud*, 536 S.W.2d 542, 546 (Tex. 1976).

Section 21.002(b) of the Government Code provides that punishment for a single act of contempt of court is a fine of not more than $500 or confinement in the county jail

3

for not more than six months or both.  Tex. Gov't Code Ann. § 21.002(b).  Punishment imposed within the parameters of section 21.002(b) is generally classified as "petty."  *See Werblud*, 536 S.W.2d at 546.  By contrast, if a sentence exceeding the limits of section 21.002(b) is imposed, the proceeding is generally classified as "serious."  *See Ex parte Sproull*, 815 S.W.2d 250, 250 (Tex. 1991) (orig. proceeding).  Where the contemnor is sentenced to no more than six months confinement for each of several acts, the punishment is nonetheless serious if the sentences must be served consecutively so as to add up to more than six months' confinement.  *In re Hammond*, 155 S.W.3d 222, 226 (Tex. App.—El Paso 2004, orig. proceeding).

In addressing whether trial by jury was required, the court looks at the actual punishment, not the possible punishment.  *See In re Radmacher*, No. 14-08-00346-CV; 2008 WL 2261278 at *2 (Tex. App.—Houston [14th Dist.] May 23, 2008, orig. proceeding) (mem. op.) (five 180-day sentences ordered to be served concurrently); *In re Bourg*, No. 01-07-00623-CV, 2007 WL 2446844, at *3 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding) (mem. op.) (same); *Hammond*, 155 S.W.3d at 226 (examining the length of confinement and whether the sentences are to be served concurrently or consecutively); *In re Brown*, 114 S.W.3d 7, 12 (Tex. App.—Tyler 2003, orig. proceeding) ("*Werblud* states clearly the applicable dividing line between petty and serious contempt ... the punishment imposed determines whether the contempt is petty or serious, not the punishment possible."); *Ex parte Casillas*, 25 S.W.3d 296, 299 (Tex. App.—San Antonio 2000, orig. proceeding) (looking at the "punishment assessed," and what was "imposed"); *In re Levingson*, 996 S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (granting habeas relief because the contemnor was sentenced to jail for a period of almost nine months).

Although the trial court originally sentenced relator to nine 180-day sentences to be served consecutively, the trial court has now amended its order to reflect that the 180-day sentences are to be served concurrently.  If relator violates the conditions of

4

probation, her confinement will not exceed 180 days. Relator's punishment, therefore, is not classified as "serious", and relator was not entitled to a jury trial. *See Werblud*, 536 S.W.2d at 546. Relator's first issue is overruled.

**B. Assessment of periods of possession that were not the same type and duration of the possession or access that was denied.**

In her second issue, relator argues that the trial court violated section 157.168 of the Texas Family Code by assessing an additional period of access or possession for the father that is not "of the same type and duration of the possession or access that was denied." For this proposition, relator cites *Romero v. Zapien*, No. 13-07-00758-CV; 2010 WL 2543897 (Tex. App.—Corpus Christi–Edinburg June 24, 2010, pet. denied) (mem. op.) *disapproved on other grounds by Iliff v. Iliff*, 339 S.W.3d 74, 78, n. 2 (Tex. 2011).

Relator was found in contempt for failure to permit possession over several weekend visits plus one month in the summer. As an additional period of access, the trial court awarded the father possession over the 2011 Christmas holidays. Section 157.168 of the Family Code provides that a party may be awarded additional periods of access to a child to compensate for the denial of court-ordered possession or access. Tex. Fam. Code Ann. § 157.168(a). It is within the discretion of the trial court to determine whether to grant such an award; however, if the trial court chooses to grant the award, the additional periods of access or possession "must be of the same type and duration of the possession or access that was denied." *Id.* § 157.168(a)(1).

In *Romero*, the Corpus Christi Court of Appeals interpreted "of the same type and duration" to mean the same amount of time. 2010 WL 2543897 at *15. Relator seems to argue that since she deprived the father of weekend and summer visitation, he should not receive Christmas visitation as an additional period of access. The statute does not require summer or weekend additional periods to be awarded for denial of summer or weekend visitation. In fact, if anything, the father has received less make-up possession

5

than he was denied.  The trial court did not abuse its discretion in awarding an additional two weeks to the father during the Christmas holiday as compensation for the denial of several weekends plus one month in the summer.  Relator's second issue is overruled.

### C.  Allegation that order is vague

In her third issue, relator contends the trial court abused its discretion in holding her in contempt on the basis of an allegedly vague order.  Under this argument, relator complains that the violations found in counts 1 and 9 were based on purportedly vague portions of the underlying order.  The trial court's order stated:

> Count 1:   May 23, 2009, CAROLINA I. ZEVALLOS failed to provide ANGEL J. GOMEZ with appropriate written authorization, within ten days after her receipt of written request, to allow the child to travel with ANGEL J. GOMEZ beyond the territorial limits of the United States.

> County 9:  Saturday, June 4, 2011, at 6:00 P.M., CAROLINA I. ZEVALLOS failed to timely surrender the child's passport to ANGEL J. GOMEZ in order for the child to travel with ANGEL J. GOMEZ beyond the territorial limits of the United States.

Relator asserts the term "appropriate written authorization" is void as vague and ambiguous.  Relator claims she could not readily know exactly what duties were imposed on her.  She also asserts the order to exchange passports was vague and ambiguous and failed to notify her in clear terms "what, where, when and how she must act to avoid violation of the underlying order."

The order underlying a contempt judgment must set forth the terms of compliance in clear, specific, and unambiguous terms so that the person charged with obeying the order will readily know exactly what duties and obligations are imposed upon her.  *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995).  If the court's order requires inferences or conclusions about which reasonable persons might differ, it is insufficient to support a judgment of contempt.  *Id.* at 260.  Only reasonable alternative constructions, however, prevent enforcement of the order.  *Id.*  "The order need not be full of

6

superfluous terms and specifications adequate to counter any flight of fancy a contemnor may imagine in order to declare it vague." *Id.*

In reference to international travel, the divorce decree required:

> Each party is ORDERED to provide the other party appropriate written authorization, within ten days after written request is received, as is necessary to allow the children to travel with the other party beyond the territorial limits of the United States. The parties are ORDERED to exchange passports as is necessary to allow such travel.

During the enforcement hearing, relator was asked whether she failed to give the father appropriate written authorization for international travel. She responded, "I gave him written authorization but not on the 23rd. I mailed it on the 18th of May." She was questioned about the written authorization as follows:

> Q. (by MR. PHILLIPS real party's counsel) Real quickly, Mrs. Zevallos, I'm going to hand you what's M-2. Is that the letter that you sent back to him?
>
> A. Yes.
>
> Q. Okay. And it says, if I may, it says you received it on May 13th of 2009; is that correct?
>
> A. Correct.
>
> Q. All right. So, you understood, and correct me if I'm wrong, but you understood that you had ten days to give him written authorization?
>
> A. Which I did.
>
> Q. And when did you — When do you claim you gave him written authorization?
>
> A. It was mailed out on the 18th.

During her testimony, relator did not question what was expected of her with regard to the definition of "appropriate written authorization." Her testimony reveals that she knew what was expected of her, but that she disagreed about whether it was timely.

7

With regard to the exchange of passports, relator denied that she failed to tender the passport on May 23, 2009. She admitted she failed to tender the child's passport or written authorization on June 4, 2011. Relator testified that she refused to turn over the child's passport because the father told conflicting stories as to where he was taking the child. She did not testify that she did not understand "what, where, when and how she must act."

We conclude the terms of which relator complains are not subject to reasonable alternative constructions. Relator's third issue is overruled.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus and lift the stay of the contempt order.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Christopher.